IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM N. LUCY, Personal Representative of Annie D. Fox (Deceased) | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 20-00450 KD-N |
| GUS B. THAMES, JR., et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on Plaintiff William N. Lucy's Motion to Reconsider (doc. 22) Upon consideration, and for the reasons set forth herein, the Motion is DENIED.

Lucy's filed his motion within 28 days of the entry of the order (docs. 21, 22). Therefore, the Court construes[1] the motion as brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." United States v. Bueno-Sierra, 2020 WL 4015499, at *2 (quoting United States v. Brown, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (internal quotation marks and citations omitted)).

Lucy moves the Court to reconsider its decision to rescind the order granting his motion to proceed without prepayment of fees (doc. 21, doc. 15).[2] In support, Lucy argues that the

---

[1] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Hughes v. Lott, 350 F.3d 1157, 1159-1160 (11th Cir. 2003) quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (*per curiam*).

[2] Lucy also asserts that the order (doc. 15) stated that the "complaint should have been served" (doc. 22, p. 2). That is incorrect. The order stated that if the initial filing fee was paid, the

"Magistrate Judge mis-applied 28 U.S.C. § 1915(G)" because the cases cited by the Magistrate Judge to recommend dismissal pursuant to the three strikes rule were "not dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted" (doc. 22, p. 2). Based on the foregoing alleged error, he argues that rescinding the order granting permission to proceed without prepayment of fees "will be an abuse of discretion" and "may have the appearance of the denial of Lucy of access to court" (doc. 22, p. 2).

Lucy appears to argue that the Court made an error of law or fact. However, Lucy raised substantially the same argument regarding the three cases relied upon by the Magistrate Judge in his objection to the Report and Recommendation. Specifically, Lucy asserted that the "Magistrate's report and recommendation at page 2 para 2 is in error as the cases the Magistrate used to determine her 'three (3) strikes' . . . is fatally flawed" (doc. 20, p. 3). Lucy then explained why each of the three cases did not fall within the parameters of 28 U.S.C. § 1915(g).

However, a Rule 59(e) motion "[cannot be used] to relitigate old matters" <u>PBT Real Estate, LLC v. Town of Palm Beach,</u> 988 F. 3d 1274, 1287 (11th Cir. Feb. 22, 2021) (quoting <u>Michael Linet, Inc. v. Village of Wellington, Fla</u>., 408 F.3d 757, 763 (11th Cir. 2005)) (bracketed text in original). Therefore, Lucy's motion is due to be denied.

**DONE** and **ORDERED** this 4th day of May 2021.

                                             **<u>s / Kristi K. DuBose</u>**
                                             **KRISTI K. DuBOSE**
                                             **CHIEF UNITED STATES DISTRICT JUDGE**

---

complaint would be forwarded to the Magistrate Judge "for review under 28 U.S.C. § 191(e)(2) and 1915A(b)."