IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM N. LUCY, PERSONAL REPRESENTATIVE OF ANNIE D. FOX, DECEASED, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 20-00450-KD-C ) |
| GUS B. THAMES, JR., *et al.*, | ) ) |
| Defendants. | ) |

### ORDER

This action is before the Court on *sua sponte* review of jurisdiction. Plaintiff William N. Lucy filed a complaint as the "Personal Representative of Annie D. Fox, Deceased" (doc. 1). He brought three counts against the Defendants: Count I – Conspiracy to Defraud; Count II – Fraud; and Count III – Mental Anguish (Id.)  He alleges that "Defendants in their personal and official capacities did conspire to defraud, defrauded and caused mental anguish to the Estate of and to the Heirs of Decedent Annie D. Fox" (doc. 1, p. 1).  The Court ordered Lucy to explain how he has standing or capacity to sue on behalf of the heirs or the estate (doc. 25).

In response, Lucy argues that he has standing and capacity.  He relies upon Ala. Code § 43-8-1 which defines personal representative as including "persons who[] perform substantially the same function under the law governing their status" (doc. 27, p. 2) (citing Ala. Code § 43-8-1(24).  Lucy argues that he is "performing substantially the same function as an administrator by protecting the estate" from the Defendants' alleged conspiracy and fraud.  Lucy argues that because he is acting under this statute, he is "a party authorized by statute", pursuant to Rule 17(a)(1)(G) of the Federal Rules of Civil Procedure, and therefore, a real party in interest with capacity to sue on behalf of the estate and the heirs (doc. 27).

Ala. Code § 43-8-1(24) defines "personal representative" as follows:

(24) Personal Representative. Includes executor, administrator, successor personal representative, special administrator, and persons who perform substantially the same function under the law governing their status.

Although Lucy asserts that he is performing the same function as the Personal Representative, he failed to show that he is performing these functions "under the law governing [his] status." Id.   Lucy misconstrues the statute. A person cannot claim to be the personal representative simply because he is attempting to perform those functions.  The statute recognizes that there also are other legal statuses that may perform the same functions. However, Lucy has not provided the Court with an appointment by any court to act on behalf of the estate in any capacity,[1]  or any other legal status that is governed by law and performs substantially the same function. Thus, he has failed to show that he has capacity to sue on behalf of the estate or the heirs.

Lucy also argues that he has standing because he was the only child of the deceased Annie D. Fox. First, he argues that a "presumption of paternity" exists because Fox "openly held Lucy out as her natural child" from the time he was thirteen years old until her death (doc. 27, p. 2) (citing Ala. Code § 26-17-204(A)(5)).[2]  He argues that because Fox provided him with emotional and financial support, there is a "presumption of paternity, which has not been

---

[1] Lucy states that he "has been and is recognized and held as Personal Representative of Decedent and her estate by the below listed courts and on affidavits of other next of kin and heirs" (doc. 26, p. 3).  He lists the Mobile County Probate Court, Alabama Court of Civil Appeals, Alabama Supreme Court, and the Supreme Court of the United States.  However, he did not provide the Court with any evidence that these courts appointed him to serve in any representative capacity.

[2] " (a) A man is presumed to be the father of a child if: … (5) while the child is under the age of majority, he receives the child into his home and openly holds out the child as his natural child or otherwise openly holds out the child as his natural child and establishes a significant parental relationship with the child by providing emotional and financial support for the child[]" Ala. Code § 26-17-204(a)(5).

rebutted" (doc. 27, p. 2-3).  Second, he argues that he has standing as Fox's only child "pursuant to §43-8-48(2)(B) Code of Ala. 1975 which governs judicial determinations of paternity for purposes of intestate succession" (Id., p. 2).  Neither statute is applicable to the issue of whether Annie D. Fox was his mother.  Both statutes address paternity or fatherhood.[3]  Moreover, Lucy has not provided any judicial decision by a court of competent jurisdiction that he is the only child of Annie D. Fox

Since Lucy has failed to show that he is a personal representative as contemplated by the statute, he does not have standing or capacity to assert the legal rights and interests of the Estate and the heirs. See Fed. R. Civ. P. 17(b) ("Capacity to sue … is determined …by the law of the state where the court is located[.]"); Warren v. Alabama Dep't of Transp., 2013 WL 5442110, at *4 (N.D. Ala. Sept. 27, 2013) ("'An action filed on behalf of the estate must be brought by the [decedent's personal representative].'") (quoting Douglass v. Jones, 628 So. 2d 940, 941 (Ala. Civ. App. 1993)). "[N]o one other than the decedent's personal representative, . . . has legal standing to file or prosecute an action on behalf of the estate." Id. (citations omitted); Ala. Code § 43-2-843(18) (The Personal Representative "acting prudently for the benefit of the interested persons, may properly … [p]rosecute or defend claims or proceedings in any jurisdiction for the protection or benefit of the estate [.]").  Accordingly, this action is dismissed.

DONE and ORDERED this the 30th day of September 2021.

                                            s/ Kristi K. DuBose
                                            KRISTI K. DuBOSE
                                            CHIEF UNITED STATES DISTRICT JUDGE

---

[3] "(2) In cases not covered by subdivision (1) of this section, a person born out of wedlock is a child of the mother. That person is also a child of the father, if: . . . b. The paternity is established by an adjudication before the death of the father or is established thereafter by clear and convincing proof, but the paternity established under this paragraph is ineffective to qualify the father or his kindred to inherit from or through the child unless the father has openly treated the child as his, and has not refused to support the child." Ala. Code § 43-8-48(2)(b).