IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM N. LUCY, ) | |
| PERSONAL REPRESENTATIVE OF ) | |
| ANNIE D. FOX, DECEASED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 20-00450-KD-C |
| ) | |
| GUS B. THAMES, JR., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on the motion to reconsider filed by Plaintiff William N. Lucy, Personal Representative of Annie D. Fox, Deceased (doc. 30). Upon consideration, and for reasons set forth herein, the motion is DENIED.

Lucy filed a complaint as the "Personal Representative of Annie D. Fox, Deceased" (doc. 1). He brought three counts against the Defendants: Count I – Conspiracy to Defraud; Count II – Fraud; and Count III – Mental Anguish (Id.) He alleges that "Defendants in their personal and official capacities did conspire to defraud, defrauded and caused mental anguish to the Estate of and to the Heirs of Decedent Annie D. Fox" (doc. 1, p. 1). The Court found that Lucy did not have capacity or standing to assert the legal rights and interests of the Estate and the heirs as Personal Representative (doc. 28). Specifically, Lucy failed to show that he is the Personal Representative as contemplated by Alabama law.

Lucy now moves the Court to reconsider that decision. In support, he provides a copy of the handwritten Last Will and Testament of Annie D. Fox wherein she writes that she has "asked [Lucy] and Domones (*sic*) to see to my wishes be carried out" (doc. 30, p. 4). Lucy argues that the Will is "conclusive evidence that" Fox "appointed" Lucy as her Personal Representative (Id.,

p. 2) and therefore, the Court should vacate the dismissal of this action. He also asserts that the Will was "recently made available" (Id.).

Pursuant to Rule 59(e), a party may move to alter or amend a judgment. Fed. R. Civ. P. 59(e).[1] The Court may amend or "alter prior holdings based on 'a change in controlling authority, new evidence or the need to avoid manifest injustice.'" Jupiter Wreck, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel, 762 Fed. Appx. 852 (11th Cir. 2019) (citation omitted). However, a "motion for reconsideration cannot be used 'to relitigate old matters, [or to] raise argument or present evidence that could have been raised prior to the entry of judgment.'" Id. (citing Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (internal quotations omitted)).

Assuming for purposes of this motion that the Will could be newly discovered evidence, Fox's statement therein does not automatically grant Lucy the status of Personal Representative. Lucy has not provided any evidence that he has been appointed by the Probate Court of Mobile County to serve in that capacity. See Ala. Code § 43-2-20, *et seq*., Grant of Letters Testamentary; Ala. Code § 43-2-40, *et seq*., Grant of Letters of Administration. As previously stated, "no one other than the decedent's personal representative, . . . has legal standing to file or prosecute an action on behalf of the estate." Warren v. Alabama Dep't of Transp., 2013 WL 5442110, at *4 (N.D. Ala. Sept. 27, 2013); Ala. Code § 43-2-843(18) (The Personal Representative "acting prudently for the benefit of the interested persons, may properly … [p]rosecute or defend claims or proceedings in any jurisdiction for the protection or benefit of the estate [.]").

DONE and ORDERED this the 17th day of November 2021.

s/ Kristi K. DuBose  
KRISTI K. DuBOSE  
UNITED STATES DISTRICT JUDGE

---

[1] Lucy's motion was timely filed within the 28 day time period set forth in the Rule.